**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:12-cr-134-J-34TEM

ARNOLD BERNARD CONRAD, JR.
_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion To Suppress and Memorandum of Law in Support (Doc. No. 43; Motion), filed on January 25, 2013. The Government opposes Defendant's Motion. See United States' Response in Opposition to Defendant's Motion to Suppress (Doc. No. 54). The Motion was referred to the Honorable Thomas E. Morris, United States Magistrate Judge, to conduct an evidentiary hearing and recommend an appropriate resolution. Accordingly, Judge Morris held an evidentiary hearing on March 14, 2013. See Clerk's Minutes (Doc. No. 68); Transcript of Suppression Hearing (Doc. No. 77).[1] On May 14, 2013, Judge Morris entered a Report and

---

[1] Following the hearing, Defendant filed a motion withdrawing one of his arguments in support of his Motion and requesting leave to file a supplemental memorandum. See Defendant's Withdrawal of Ground I of Defendant's Motion to Suppress and Memorandum in Support (Doc. No. 75). Upon being granted leave, see Order, Apr. 2, 2013 (Doc. No. 76), Defendant filed Defendant's Post-Hearing Memorandum (Doc. No. 79) to which the Government responded. See United States' Response to Defendant's Post-Hearing Memorandum (Doc. No. 80). Then, with further leave from the Court (Doc. No. 82), Defendant filed an additional reply, and the Government again responded. See Defendant's Reply to United States' Response to Defendant's Post-Hearing Memorandum (Doc. No. 83); United States' Sur-Reply to Defendant's Reply to United States' Response to Defendant's Post-Hearing Memorandum (Doc. No. 84). Thus, the Motion had been thoroughly briefed for consideration by the magistrate judge.

Recommendation (Doc. No. 85; Report) recommending that the Motion be denied. See Report at 2. Thereafter, Defendant filed objections to the Report, see Defendant's Objections to Report and Recommendation (Doc. No. 88; Objections), and the Government responded, see United States' Notice of No Objection (Doc. No. 90). Accordingly, this matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[2]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[3] to the magistrate judge's

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[3] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that

report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made[4], the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule Defendant's Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

**ORDERED:**

---

a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

[4] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

1. Defendant's Objections to Report and Recommendation (Doc. No. 88) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 85) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress and Memorandum of Law in Support (Doc. No. 43) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of August, 2013.

MARCIA MORALES HOWARD
United States District Judge

lc17

Copies to:

Honorable Thomas E. Morris
United States Magistrate Judge

Counsel of Record